IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Patrick O'Neal Smith, #319078, | ) | Civil Action No.: 8:08-1951-HMH-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Captain Van Doran, and Deputy Jones, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On September 30, 2008, the defendants filed a motion for summary judgment. By order of this court filed October 2, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. That Order, which was mailed to the plaintiff at the Kirkland Correctional Institution, was returned as undeliverable on October 24, 2008. After a search of the SCDC website by the clerk's office to determine the plaintiff's current address, the Order was re-mailed to the plaintiff at Turbeville Correctional Institution on October 24, 2008. The response date was reset to December 1, 2008. Despite the explanation in the *Roseboro* Order, the plaintiff did not respond to the motion.

As the plaintiff is proceeding *pro se*, the court filed a second order on December 4, 2008, giving the plaintiff through December 30, 2008, to file his response to the motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. On December 12, 2008, plaintiff filed a motion for extension of time. In an Order issued December 15, 2008, plaintiff was reminded of his responsibility to keep the court informed of his address, and granted an

extension of time to respond to the motion for summary judgment until January 20, 2009. The plaintiff has not responded.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).  *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

                                        s/Bruce H. Hendricks
                                        United States Magistrate Judge

January 27, 2009

Greenville, South Carolina Carolina